B2030 (Form 2030) (12/15)

# United States Bankruptcy Court

___Middle___ District Of ___Pennsylvania___

**In re** John Paul Rasmussen, Jr. and
Marguerite Grace Rasmussen,    Case No. __5:18-bk-00578-RNO__

**Debtors**    Chapter __13__

**AMENDED**
**DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR**

1. Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

   For legal services, I have agreed to accept . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $__**See Para. 6**__

   Prior to the filing of this statement I have received . . . . . . . . . . . . . . . . . . . . . . . $__**500.00**__

   Balance Due . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $_____

2. The source of the compensation paid to me was:

   [x] Debtor    [ ] Other (specify)

3. The source of compensation to be paid to me is:

   [x] Debtor    [ ] Other (specify)

4. [x] I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   [ ] I have agreed to share the above-disclosed compensation with a other person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;

   b. Preparation and filing of any petition, schedules, statements of affairs and plan which may be required;

   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

6. By agreement with the debtor(s), the above-disclosed fee does not include the following services:
   **Hourly rates. The current hourly rates are $415 -$310/hour for attorneys and $135/hour for paralegals. Rates may be changed at any time with written notice to client and generally are increased at the beginning of each calendar year.**

CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

| April 24, 2018 | /s/ Carlo Sabatini | |
|---|---|---|
| *Date* | *Signature of Attorney* | **Bar No. 83831** |
| | Sabatini Freeman, LLC | |
| | *Name of law firm* | |

# CHAPTER 13 BANKRUPTCY FEE AGREEMENT

I. SERVICES RETAINED FOR: __Rasmussen, John: Marquenth__ ("Client")

Client hires Sabatini Law Firm, LLC ("Law Firm") to provide bankruptcy legal services and to represent Client with respect to all debts owed, or allegedly owed, by Client. Law Firm will not provide any other non-bankruptcy services to Client. For example, no tax advice will be given except advice as to how taxes will be treated in bankruptcy.

The fees in this agreement are in addition to any fees charged under any earlier agreement between Client and Law Firm. For example, if Law Firm has represented Client with respect to collection communications, then the fees to be charged under this new agreement are in addition to any other fees already charged.

While providing bankruptcy legal services, Law Firm might identify various claims that Client holds and will list those claims on the bankruptcy schedules; however Law Firm will not represent Client with respect to these claims without a separate written agreement. One example is claims arising from unlawful collection communications.

This Agreement presumes that Client has provided Law Firm with accurate information about Client's financial situation and that Client's financial situation does not change before the bankruptcy case is filed. If Client's financial situation changes (including property ownership interests, income or expenses) then Client may no longer qualify for a Chapter 13.

**Client's bankruptcy case will not be filed until Client has received credit counseling, signed the bankruptcy Petition and has paid in full both the filing fee and *the* up-front fee. Until the bankruptcy case is actually filed, Client's creditors may continue action against Client (such as repossessions or sales of property).**

II. COSTS. Client must pay the court-filing fee in effect at the time that the case is filed. Effective June 1, 2014, the court-filing fee for a Chapter 13 is $310. Client must also pay for credit counseling and debtor education. These fees are not paid to Law Firm and total about $40.00. Client must also pay any expenses incurred by Law Firm including but not limited to other filing fees, transcripts, depositions, postage, photocopies, facsimiles, and bank fees incurred from returned checks. All of these costs are paid to Law Firm.

III. ATTORNEY FEES. Client will pay an up-front retainer of $2,000.00. This fee will be paid according to the following schedule:

| Amount | Due date |
|---|---|
| $ 810 | Today |
| _____ per _____ | Starting _____, then _____ until paid |


Initials

All time spent on this matter will be billed at the firm's regular hourly rates. The hourly rates are $415 - $310/hour for attorneys and $135/hour for paralegals. Rates may be changed at any time with written notice to Client, and are generally increased at the beginning of each calendar year. Travel time is charged at the full hourly rates.

Law Firm will not begin preparing your bankruptcy case for filing until the entire up-front retainer has been paid. The time spent preparing the case for filing can be substantial. It is possible that the up-front retainer will not be sufficient to cover all time spent preparing the case for filing. If that occurs, then Law Firm may require client to pay all unpaid attorney's fees before Law Firm files the bankruptcy case.

After the bankruptcy case is filed, Client will not pay Law Firm any more attorney's fees directly. Instead, any other attorney's fees due to Law Firm will be paid from the monthly payment that Client must make to the Chapter 13 Trustee. The plan that is proposed with the Court will be funded initially to ensure that the Chapter 13 Trustee has sufficient funds for him to pay $3,500.00 to Law Firm, which amount is separate from the up-front retainer. If some of these funds are not used to pay attorney's fees, they will likely be paid to your other creditors. The payment that you make to the Chapter 13 Trustee will be increased if necessary to cover additional fees.

IV. NON-BASIC SERVICES PERFORMED ON A CONTINGENCY BASIS: For cases alleging violations of the automatic stay, discharge injunction, or seeking recovery of preferences or turnover: Law Firm shall receive 33 and 1/3% of the gross recovery, if such amount is greater than the amount Law Firm would earn on an hourly basis. Otherwise, Law Firm shall be paid at hourly rates.

V. ATTORNEY'S LIEN FOR FEES. Law Firm shall have a lien for all accrued compensation and costs on any funds that Client has deposited with Law Firm

VI. NON-REFUNDABLE RETENTION FEE: If Client decides not to file bankruptcy, or if Law Firm closes the file because Client has failed to perform under this agreement, a fee of $200 will be non-refundable in addition to the hourly fees for services. In this case, an itemized invoice will be prepared for Client's review showing the services performed and the refund due. Client will also be billed for the time spent preparing the invoice and closing the file. Refunds are paid on the last day of each month only.

VII. DIVORCE OR SEPARATED: In the event a separation, divorce, or other dispute arises between spouses <u>before</u> the case is filed, Law Firm may, at his discretion, withdraw due to actual or potential conflict of interest. In the event a separation, divorce, or other dispute arises between spouses <u>after</u> the case is filed, Law Firm may, at its discretion, seek the court's permission to withdraw due to actual or potential conflict of interest. If Law Firm withdraws, Client will still be responsible for fees Law Firm has earned. Client agrees to notify Law Firm immediately of any separation or divorce.

VIII. CONVERSION FROM CHAPTER 13 TO CHAPTER 7: $1,000 plus court fee

Initials

2

IX. CASE DISMISSAL: If the bankruptcy case is dismissed, Law Firm shall have the right to recover all funds in the hands of the Chapter 13 Trustee that would otherwise be refunded to Client, up to the total fees and costs then due for the bankruptcy case.

X. CASE CLOSING: When the discharge is received from the court, your case will be closed in this office, unless at the time of discharge there are unfinished, disputed or adversary matters pending for which this office has been retained. Your file may be destroyed six months after the close of the case, and without further notice to you, unless you make arrangements with us before that date to take your file.

X. TERMINATION: Client may discharge Law Firm at any time. Before this case is filed, Law Firm may withdraw at any time provided that Law Firm must return to Client any funds that remain after the services performed have been paid at the hourly rates. After the bankruptcy case is filed, Law Firm may withdraw with court approval for good cause.

XI. ATTORNEY COMMUNICATIONS: Client will keep an answering machine, voice mail, or email address where Law Firm may leave **confidential** messages. Client will respond within one business day to any message left at:

phone number or email

If the above contact information changes, Client will notify Law Firm in writing of any change before it takes effect.

XII. AUTHORIZATION TO OPEN AND DISCARD CORRESPONDENCE: Client authorizes Law Firm to open any mail sent to Client at the Law Firm's address. Before Client's case is filed, unsecured creditors may forward offers to settle claims to our office. Law Firm may discard upon receipt any such offer. Client authorizes Law Firm to tell creditors that Client has rejected such offers. Before or after the case is filed, Law Firm may receive mail addressed to Client (e.g. catalogs, applications for new credit cards, etc.). Law Firm may dispose of such items without forwarding them to Client.

XIII. GUARANTOR: If Law Firm provides services to only one of the persons signing below, then Law Firm will communicate only with that person. However, each person signing below agrees to be fully liable for all fees that become due under this agreement (even if services are provided to only one person).

Debtor  Co-Debtor