```
                            United States Bankruptcy Court
                            Middle District of Pennsylvania
In re:                                                            Case No. 18-00578-RNO
John Paul Rasmussen, Jr
Marguerite Grace Rasmussen                                        Chapter 13
         Debtors                    CERTIFICATE OF NOTICE

District/off: 0314-5          User: AGarner              Page 1 of 2            Date Rcvd: Apr 26, 2018
                              Form ID: pdf002            Total Noticed: 43


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Apr 28, 2018.
db/jdb        +John Paul Rasmussen, Jr,    Marguerite Grace Rasmussen,    206 Hudson Street,
                Jermyn, PA 18433-1417
5022972       +Andrew Sklar, Esq.,    SKLAR LAW, LLC,    1200 Laurel Oak Road, Suite 102,
                Voorhees, NJ 08043-4317
5025173       +Andrew Sklar, Esquire,    SKLAR LAW LLC,    1200 Laurel Oak Road, Suite 102,
                Voorhees, NJ 08043-4317
5022973       +Ann Marie DeSanto, Tax Collector,    Borough of Jermyn,    219 Hudson Street,
                Jermyn, PA 18433-1416
5022974       +BARCLAYCARD CARD SERVICES,    CREDIT CARD PAYMENTS,    PO BOX 60517,
                CITY OF INDUSTRY CA 91716-0517
5022975       +BOROUGH OF JERMYN,    440 JEFFERSON AVE,    JERMYN PA 18433-1316
5022976       +CABELAS VISA,    PO BOX 82575,    LINCOLN NE 68501-2575
5022977       +CAPITAL ONE,    PAYMENT PROCESSING,    PO BOX 71083,    CHARLOTTE NC 28272-1083
5022978        CITIBANK,    PO BOX 9001037,    LOUISVILLE KY 40290-1037
5038438        Capital One Bank (USA), N.A.,    PO Box 71083,    Charlotte, NC  28272-1083
5022979        DISCOVER,    PO BOX 742655,    CINCINATTI OH 45274-2655
5022982       +Equifax,    PO Box 740256,    Atlanta GA 30374-0256
5022983       +Experian,    Profile Maintenance,    PO Box 9558,    Allen TX 75013-9558
5022984       +FIDELITY DEPOSIT & DISCOUNT BANK,    101 NORTH BLAKELY ST,    DUNMORE PA 18512-1900
5022985      #+GLOBAL CLIENT SOLUTIONS,    4500 S 129TH E AVE STE 177,    TULSA OK 74134-5870
5022987       +Jonathan Cawley, Esq.,    Zwicker & Associates, P.C.,    3220 Tillman Drive Suite 215,
                Bensalem, PA 19020-2028
5022989       +LACKAWANNA COUNTY TAX CLAIM BUREAU,    135 JEFFERSON AVE 101,    SCRANTON PA 18503-1716
5022990       +LAKELAND SCHOOL DISTRICT,    1355 LAKELAND DR,    SCOTT TOWNSHIP PA 18433-7814
5022988        Lackawanna County Collector of Taxes,    PO Box 709,    Scranton PA 18501-0709
5022993       +Magisterial District No. 45-3-04,    Magistrate DJ Laura M. Turlip,    400 Church St., 2nd Floor,
                Archbald, PA 18403-2107
5022995       +National Debt Relief,    11 Broadway, 16th FL,    New York,, NY 10004-1313
5022998       +SINGLE TAX OFFICE,    100 THE MALL AT STEAMTOWN UNIT 216,    SCRANTON PA 18503-2047
5023000        TARGET,    PO BOX 660170,    DALLAS TX 75266-0170
5023001       +Transunion Corporation,    Attention Public Records,    555 West Adams St,
                Chicago IL 60661-3631
5023002       +WAYNE MEMORIAL HOSPITAL,    601 PARK ST,    HONESDALE PA 18431-1498
5023003        ZWICKER AND ASSOC PC,    80 MINUTEMAN RD,    ANDOVER MA 01810-1008

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
5029526       +E-mail/Text: bankruptcy@cavps.com Apr 26 2018 18:59:18      Cavalry SPV I, LLC,
                500 Summit Lake Drive, Ste 400,    Valhalla, NY 10595-1340
5022981        E-mail/Text: mrdiscen@discover.com Apr 26 2018 18:58:59      DISCOVER FINANCIAL SERVICES,
                PO BOX 6103,    CAROL STREAM IL 60197-6103
5022980        E-mail/Text: mrdiscen@discover.com Apr 26 2018 18:58:59      DISCOVER BANK,
                C/0 DISCOVER PRODUCTS, INC.,,    6500 NEW ALBANY RD,    NEW ALBANY OH 43054
5025034        E-mail/Text: mrdiscen@discover.com Apr 26 2018 18:58:59      Discover Bank,
                Discover Products Inc,    PO Box 3025,    New Albany, OH  43054-3025
5022986        E-mail/Text: cio.bncmail@irs.gov Apr 26 2018 18:59:02      Internal Revenue Service,
                PO Box 7346,    Philadelphia, PA 19101-7346
5022991        E-mail/PDF: gecsedi@recoverycorp.com Apr 26 2018 19:02:31      LOWES SYNCHRONY BANK,
                PO BOX 530914,    ATLANTA GA 30353-0914
5051279        E-mail/PDF: resurgentbknotifications@resurgent.com Apr 26 2018 19:03:07
                 LVNV Funding, LLC its successors and assigns as,    assignee of Citibank, N.A.,
                Resurgent Capital Services,    PO Box 10587,    Greenville, SC 29603-0587
5047475        E-mail/Text: camanagement@mtb.com Apr 26 2018 18:59:06      Lakeview Loan Servicing, LLC,
                c/o M&T Bank,    P.O. Box 1288,    Buffalo, NY 14240-1288
5022992        E-mail/Text: camanagement@mtb.com Apr 26 2018 18:59:06      M&T BANK,    PO BOX 1288,
                BUFFALO NY 14240
5051432        E-mail/Text: bkr@cardworks.com Apr 26 2018 18:58:58      MERRICK BANK,
                Resurgent Capital Services,    PO Box 10368,    Greenville, SC 29603-0368
5022994        E-mail/Text: bkr@cardworks.com Apr 26 2018 18:58:58      MERRICK BANK,    CUSTOMER SERVICE,
                PO BOX 9201,    OLD BETHPAGE NY 11804-9001
5022996        E-mail/Text: USTPRegion03.HA.ECF@USDOJ.GOV Apr 26 2018 18:59:11
                 OFFICE OF US TRUSTEE MD OF PA,    228 WALNUT ST 11TH FLOOR,    PO BOX 969,
                HARRISBURG PA 17108-0969
5023592       +E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Apr 26 2018 19:02:32
                 PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
5022997        E-mail/Text: RVSVCBICNOTICE1@state.pa.us Apr 26 2018 18:59:09
                 Pennsylvania Department of Revenue,    Department 280946,    Attn: Bankruptcy Division,
                Harrisburg, PA 17128-0946
5045452        E-mail/Text: bnc-quantum@quantum3group.com Apr 26 2018 18:59:07
                 Quantum3 Group LLC as agent for,    MOMA Funding LLC,    PO Box 788,    Kirkland, WA  98083-0788
5022999       +E-mail/PDF: gecsedi@recoverycorp.com Apr 26 2018 19:03:01      SYNCHRONY AMAZON,    PO BOX 960013,
                ORLANDO FL 32896-0013
5050853       +E-mail/Text: bncmail@w-legal.com Apr 26 2018 18:59:15      TD BANK USA, N.A.,
                C O WEINSTEIN & RILEY, PS,    2001 WESTERN AVENUE, STE 400,    SEATTLE, WA 98121-3132
```

```
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center
(continued)
                                                                                                 TOTAL: 17

              ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr*           +PRA Receivables Management, LLC,   PO Box 41021,   Norfolk, VA 23541-1021
                                                                                   TOTALS: 0, * 1, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update.
While the notice was still deliverable, the notice recipient was advised to update its address with the court
immediately.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Apr 28, 2018                                     Signature:   /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on April 26, 2018 at the address(es) listed below:
              Carlo Sabatini    on behalf of Debtor 1 John Paul Rasmussen, Jr usbkct@bankruptcypa.com,
               kecf@bankruptcypa.com;ivms@bankruptcypa.com;necf@bankruptcypa.com;sabecf@gmail.com;secf@bankruptc
               ypa.com
              Carlo Sabatini    on behalf of Debtor 2 Marguerite Grace Rasmussen usbkct@bankruptcypa.com,
               kecf@bankruptcypa.com;ivms@bankruptcypa.com;necf@bankruptcypa.com;sabecf@gmail.com;secf@bankruptc
               ypa.com
              Charles J DeHart, III (Trustee)   dehartstaff@pamd13trustee.com,   TWecf@pamd13trustee.com
              James Warmbrodt    on behalf of Creditor   Lakeview Loan Servicing LLC bkgroup@kmllawgroup.com
              United States Trustee    ustpregion03.ha.ecf@usdoj.gov
                                                                                               TOTAL: 5
```

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

IN RE:  
John Paul Rasmussen, Jr.  
 and  
Marguerite Grace Rasmussen

CHAPTER 13

CASE NO.

 X   ORIGINAL PLAN  
_____  AMENDED PLAN (Indicate 1ST, 2ND, 3RD, etc.)  
 0   Number of Motions to Avoid Liens  
 0   Number of Motions to Value Collateral

**CHAPTER 13 PLAN**

**NOTICES**

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| | | | |
|---|---|---|---|
| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | [X] Included | [ ] Not Included |
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | [ ] Included | [X] Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 2.G. | [ ] Included | [X] Not Included |

**YOUR RIGHTS WILL BE AFFECTED**

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

1. **PLAN FUNDING AND LENGTH OF PLAN.**

    A. **Plan Payments From Future Income**

    1. To date, the Debtor paid     $0.00     (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is     $3,600.00    , plus other payments and property stated in § 1B below:

| Start mm/yyyy | End mm/yyyy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
| 3/17/2018 | 2/17/2021 | $100.00 | $0.00 | $100.00 | $3,600.00 |
| | | | | Total Payments: | $3,600.00 |

    2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

4. CHECK ONE:  X  Debtor is at or under median income. *If this line is checked, the rest of § 1.A.4 need not be completed or reproduced.*

**B**. **Additional Plan Funding From Liquidation of Assets/Other**

1. The Debtor estimates that the liquidation value of this estate is $ __$0.00__ (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

*Check one of the following two lines.*

 X  No assets will be liquidated. *If this line is checked, the rest of § 1.B need not be completed or reproduced.*

**2. SECURED CLAIMS.**

**A. Pre-Confirmation Distributions.** **Check one.**

X  None. *If "None" is checked, the rest of § 2.A need not be completed or reproduced.*

**B. Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor**. *Check one.*

___  None. *If "None" is checked, the rest of § 2.B need not be completed or reproduced.*

 X  Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| M&T Bank | 206 Hudson Street, Jermyn, PA 18433 | 3125 |
| Fidelity Deposit & Discount Bank | 2016 Jeep | 0251 |

**C. Arrears, including, but not limited to, claims secured by Debtor's principal residence**. *Check one.*

X  None. *If "None" is checked, the rest of § 2.C need not be completed or reproduced.*

**D. Other secured claims (conduit payments, claims for which a § 506 valuation is not applicable, etc.)**

X  None. *If "None" is checked, the rest of § 2.D need not be completed or reproduced.*

**E. Secured claims for which a § 506 valuation is applicable.** *Check one.*

X  None. *If "None" is checked, the rest of § 2.E need not be completed or reproduced.*

**F. Surrender of Collateral.** *Check one.*

X  None. *If "None" is checked, the rest of § 2.F need not be completed or reproduced.*

**G. Lien Avoidance.** *Do not use for mortgages or for statutory liens, such as tax liens. Check one.*

X  None. *If "None" is checked, the rest of § 2.G need not be completed or reproduced.*

3. **PRIORITY CLAIMS.**

   A. <u>**Administrative Claims**</u>

   1. <u>Trustee's Fees.</u>  Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

   2. <u>Attorney's fees.</u> Complete only one of the following options:

      a. In addition to the retainer of $              already paid by the Debtor, the amount of $              in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

      b. $ <u>  415.00  </u> per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

   3. <u>Other.</u>   Other administrative claims not included in §§ 3.A.1 or 3.A.2 above.
      *Check one of the following two lines.*

      <u> X </u>   None. If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.

   B. **Priority Claims (including, but not limited to, Domestic Support Obligations other than those treated in § 3.C below).** *Check one of the following two lines.*

   <u>X</u>   None. *If "None" is checked, the rest of § 3.B need not be completed or reproduced.*

   C. **Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B).**
   *Check one of the following two lines.*

   <u>X</u>   None. *If "None" is checked, the rest of § 3.C need not be completed or reproduced.*

4. **UNSECURED CLAIMS**

   A. **Claims of Unsecured Nonpriority Creditors Specially Classified.** *Check one of the following two lines.*

   <u>X</u>   None. *If "None" is checked, the rest of § 4.A need not be completed or reproduced.*

   B. **Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.**

5. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** *Check one of the following two lines.*

   <u>X</u>   None. *If "None" is checked, the rest of § 5 need not be completed or reproduced.*

6. **VESTING OF PROPERTY OF THE ESTATE.**

   **Property of the estate will vest in the Debtor upon**

   *Check the applicable line:*
   __plan confirmation.
   __entry of discharge.
   __closing of case.

7. **DISCHARGE: (Check one)**

   ( x ) The debtor will seek a discharge pursuant to § 1328(a).

   (   ) The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

9.  **ORDER OF DISTRIBUTION:**

    If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

    Payments from the plan will be made by the Trustee in the following order:
    | | |
    |---|---|
    | Level 1: | Pre-Confirmation Distributions listed in ¶ 2.A |
    | Level 2: | Debtor's Attorney's Fees (in ¶ 3.A.(2) + any additional Court approved fee) |
    | Level 3: | Domestic Support Obligations |
    | Level 4: | Amounts listed in ¶ 2.D, pro rata |
    | Level 5: | Amounts listed in ¶ 2.C, pro rata. If a proof of claim is filed the allowed amount of the arrearage shall be paid. |
    | Level 6: | Amounts listed in ¶ 2.B, pro rata |
    | Level 7: | Amounts listed in ¶ 2.E, pro rata |
    | Level 8: | Amounts listed in ¶ 4.A, pro rata |
    | Level 9: | Priority amounts of allowed claims listed in ¶ 3.A, pro rata |

    *If the above Levels are filled in, the rest of § 9 need not be completed or reproduced.*

10. **NONSTANDARD PLAN PROVISIONS**

    **Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)**

    A.  **Vesting of Property.** Property of the estate vests in the debtor on confirmation, except for: (i) assets listed in Part 1 of Schedule A/B, which vest when the case closes and (ii) any asset that Debtor acquires post-confirmation and discloses on Schedule A/B, which vests upon discharge.

    B.
        **Proofs of Claim and Effect of Confirmation.** 11 U.S.C. § 502(a) controls when a claim is allowed. Mere confirmation of the plan shall not constitute a finding that any claim is allowed, and Debtor reserves the right to object to proofs of claim, even after confirmation. Confirmation of the plan shall not bar the Debtor from seeking a determination of the extent, validity, or priority of any lien or of the dischargeability of any debt.

    C.
        **Debtor's Control of Vested Property.** A debtor may, with citation to proper authority, restate controlling law for the benefit of plan recipients. *In re Travis*, 2017 WL 4277128, at *3 (Bankr. M.D. Pa. Sept. 22, 2017). Vesting of property on confirmation gives the debtor "absolute ownership and control of the property" and "the ability to liquidate the property without the approval of the Court." *In re Wei- Fung Chang*, 438 B.R. 77, 80 and 85 (Bankr. M.D. Pa. 2010)(France, J); *see also*, *In re Schatz*, 452 B.R. 544, 553 (Bankr. M.D. Pa. 2011)(Opel, J.). Thus, upon confirmation, assets listed on Schedule A/B at ¶ 33 will no longer be subject to any requirement in 11 U.S.C. §§ 363(b) and 1303 that the court approve any settlement of the claim. Instead, after confirmation the Debtor may settle the claim "without the approval of the [bankruptcy] Court." *Cf. In re Martin*, 91 F.3d 389 (3d Cir. 1996)(agreement to settle claim that was property of the estate required approval under § 363).

Dated: February 14, 2018                    s/ Carlo Sabatini
                                            Attorney for Debtor

s/ John Paul Rasmussen, Jr.
                                Debtor


                                s/ Marguerite Grace Rasmussen
                                Joint Debtor


By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9.